1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8   Jose Briceno Reina,                )
                                        )
9            Petitioner,                )   CIV 13-08106 PCT NVW (MEA)
                                        )
10           v.                         )   REPORT AND RECOMMENDATION
                                        )
11   Charles L. Ryan, et al.,           )
                                        )
12           Respondents.               )
                                        )
13   _____   )

14   TO THE HONORABLE NEIL V. WAKE:

15           Petitioner, proceeding pro se, filed a petition for

16   writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about

17   May 2, 2013.  Petitioner filed an amended petition on or about

18   July 17, 2013.  See Doc. 5.  Respondents filed a Limited Answer

19   to First Amended Petition for Writ of Habeas Corpus ("Answer")

20   (Doc. 12) on November 15, 2013.  Petitioner filed a reply (Doc.

21   13) to the answer to his petition on November 25, 2013.

22           I Procedural History

23           A grand jury indictment returned September 29, 2006,

24   charged Petitioner with one count of molestation of a child.

25   Answer, Exh. A.  The indictment alleged that, on September 18,

26   2006, in Mohave County, Arizona, Petitioner engaged in "sexual

27   contact" with a person under the age of fifteen.  Id., Exh. A.

28

During Petitioner's two-day trial, a witness testified that she saw Petitioner in a room at his home with the victim. <u>Id.</u>, Exh. C at 97, 107.  The witness testified, *inter alia*, that the victim was lying on her back, that Petitioner was holding the victim's ankles, that Petitioner's trousers were down around his knees, and that his erect penis was exposed.  <u>Id.</u>, Exh. C at 97-98, 110-11, 114, 122.  Both the four-year-old victim and Petitioner testified at Petitioner's trial.  <u>Id.</u>, Exh. C at 123-29; Exh. D at 70-98.

On June 28, 2007, the jury found Petitioner guilty on one count of molestation of a child.  <u>Id.</u>, Exh. H at 2 & Exh. F. On July 25, 2007, Petitioner was sentenced to a mitigated term of twelve years imprisonment; the sentence was mitigated because of Petitioner's lack of prior convictions, his age (Petitioner was then 74 years old), his family support, and his cooperation during the prosecution.  <u>Id.</u>, Exh. J at 8-9 & Exh. I.

Petitioner took a timely direct appeal of his conviction and sentence.  In his direct appeal Petitioner asserted:

1. The state trial court denied Petitioner his right to a fair trial and due process of law by improperly denying a "Consciousness of Innocence; Absence of Flight" jury instruction because a police officer testified that Petitioner remained at the alleged scene of the crime until police arrived.

2. The state trial court denied Petitioner his right to a fair trial and due process of law by improperly denying a "Consciousness of Innocence; Voluntary Consent to Search" jury

instruction because a police officer and Petitioner testified that he voluntarily consented to a search of his home, the alleged crime scene.

3. The state trial court denied Petitioner his right to a fair trial and due process of law by improperly denying a "Failure to Investigate" jury instruction when the evidence presented at trial showed the police photographed every room in Petitioner's home except for the alleged crime scene.

4. The state trial court denied Petitioner his right to a fair trial and due process of law by improperly denying a "Prosecution Bound by Defendant's Statement Unless Contrary Evidence Presented" jury instruction because the state failed to present sufficient evidence disproving Petitioner's statements.

5. The state trial court denied Petitioner his right to a fair trial and due process of law by improperly denying a motion for a directed verdict because the only evidence of guilt presented by the state were the inconsistent statements of an eyewitness who allegedly saw acts committed in a very dark room and the testimony of the four-year old victim, who had, at some point after the incident, told her mother that nothing had happened. Id., Exh. L & Exh. M.

In a memorandum decision entered November 20, 2008, the Arizona Court of Appeals denied relief in Petitioner's direct appeal, denying each of Petitioner's claims and affirming Petitioner's conviction and sentence. Id., Exh. N.

On August 7, 2007, thirteen days after Petitioner filed his notice of appeal, Petitioner filed a pro per notice of

-3-

post-conviction relief, which alleged: "[n]o child witness expert was called to testify at trial," and "defendant is claiming ineffective assistance of counsel." Id., Exh. O. The state trial court acknowledged receipt of the notice and ultimately appointed counsel to represent Petitioner in his post-conviction relief proceedings. Id., Exh. P & Exh. Q.

On February 18, 2008, while his direct appeal was pending, the state trial court granted Petitioner's post-conviction counsel's request to "toll" his post-conviction proceedings until thirty days after the Arizona Court of Appeals issued a decision in his direct appeal. Id., Exh. R & Exh. S.

The Court of Appeals issued its mandate in Petitioner's direct appeal on January 29, 2009. Id., Exh. N. Petitioner did not file a post-conviction petition within the next thirty days. On October 21, 2010, Petitioner filed a pro per petition for state post-conviction relief, pursuant to Rule 32, Arizona Rules of Criminal Procedure, and also requested appointment of counsel. Id., Exh. T. The state trial court allowed Petitioner to proceed with his Rule 32 action, finding that his failure to file a timely petition was "not due to the fault of the defendant." Id., Exh. U. Petitioner was appointed counsel to represent him in his post-conviction proceedings. On September 8, 2011, counsel notified the Superior Court that counsel they could find no colorable issue to raise on Petitioner's behalf. Id., Exh. Y. On August 29, 2012, Petitioner filed a document captioned as a "verified petition for writ of habeas corpus ad subjiciendum" in the state trial

-4-

court.  Id., Exh. AA.  The trial court rejected the petition on

September 11, 2012, stating:

> The Court has received from the Defendant a
> Verified Petition for Writ of Habeas Corpus
> ad Subjiciendum filed August 29, 2012. The
> Defendant's petition is not a Petition for
> Post Conviction Relief. The current petition
> is a rambling generalized missive alleging,
> among many other things, that the Arizona
> legislature has no constitutional right to
> create the statutes under which the Defendant
> was convicted, and that this court has no
> jurisdiction to enforce these
> unconstitutional laws. The Defendant's motion
> is frivolous and incorrect.  IT IS ORDERED
> denying Defendant's Petition for Writ of
> Habeas Corpus ad Subjiciendum.

Id., Exh. BB.

Petitioner did not seek review of this decision by the

Arizona Court of Appeals.

In his federal habeas action Petitioner asserts his

Fourteenth Amendment right to due process of law was violated

because he "was never charged with violating a law of 'the State

of Arizona' and thus never committed a crime," and that he was

convicted of violating a law which was unconstitutionally vague.

Petitioner also asserts that his Eighth Amendment right to be

free from cruel and unusual punishment was violated because he

has been imprisoned since 2006 and "he was never properly or

legal[l]y convicted."  In his amended petition Petitioner also

asserts he has not taken a direct appeal of his conviction and

sentence.  Petitioner also alleges that, in a state action for

post-conviction relief, he asserted that he was not properly

charged with a crime and that he was never properly charged with

a crime by an indictment or information.

-5-

Respondents contend that Petitioner's federal habeas claims are procedurally barred.

**II Analysis**

Respondents argue that Petitioner has procedurally defaulted his federal habeas claims in the state courts by failing to present them to the Arizona Court of Appeals in a procedurally correct manner.

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[1] The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See

---

[1] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

<u>Swoopes v. Sublett</u>, 196 F.3d 1008, 1010 (9th Cir. 1999).  <u>See</u> <u>also</u> <u>Crowell v. Knowles</u>, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." <u>Wilson v. Briley</u>, 243 F.3d 325, 327 (7th Cir. 2001).  <u>See also</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003).  In <u>Baldwin v. Reese</u>, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors.  <u>See</u> 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific <u>federal</u> constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court.  <u>See</u>, <u>e.g.</u>, <u>id.</u>, 541 U.S. at 33, 124 S. Ct. at 1351.

> For purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief. The federal claim is fairly presented if raised in the petition itself, an accompanying brief, or another similar document filed with that court.

<u>Gentry v. Sinclair</u>, 705 F.3d 884, 897 (9th Cir. 2013)(internal citations and quotations omitted).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by

any available procedure" in the state courts.   28 U.S.C. §
2254(c).   Because the exhaustion requirement refers only to
remedies still available to the petitioner at the time they file
their action for federal habeas relief, it is satisfied if the
petitioner is procedurally barred from pursuing their claim in
the state courts.   See, e.g., Woodford v. Ngo, 548 U.S. 81, 92-
93, 126 S. Ct. 2378, 2387 (2006).   If it is clear the habeas
petitioner's claim is procedurally barred pursuant to state law,
the claim is exhausted by virtue of the petitioner's "procedural
default" of the claim.   See, e.g., id., 548 U.S. at 92, 126 S.
Ct. at 2387.

Procedural default occurs when a petitioner has never
presented a federal habeas claim in state court and is now
barred from doing so by the state's procedural rules, including
rules regarding waiver and the preclusion of claims.   See
Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060.   Procedural
default also occurs when a petitioner did present a claim to the
state courts, but the state courts did not address the merits of
the claim because the petitioner failed to follow a state
procedural rule.   See, e.g., Ylst v. Nunnemaker, 501 U.S. 797,
802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-
28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395
(7th Cir. 2002).   "If a prisoner has defaulted a state claim by
'violating a state procedural rule which would constitute
adequate and independent grounds to bar direct review ... he may
not raise the claim in federal habeas, absent a showing of cause
and prejudice or actual innocence.'"   Ellis v. Armenakis, 222

-8-

F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

> The doctrine of procedural default provides that a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule. A state procedural rule is adequate if it is regularly or consistently applied by the state courts and it is independent if it does not depend on a federal constitutional ruling. Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice.

McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (internal citations and quotations omitted).

> We recognize two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so.

Robinson v. Schriro, 595 F.3d 1086, 1100 (9th Cir. 2010).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal;

-9-

Petitioner never properly presented any claims to the Arizona Court of Appeals in a state action for post-conviction relief. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar). The Ninth Circuit Court of Appeals recently confirmed this conclusion in Hurles v. Ryan, 706 F.3d 1021, 2013 WL 219222 at &6 (9th Cir. 2013), concluding "Arizona's waiver rules are independent and adequate bases for denying relief." See also Jones v. Ryan, 691 F.3d 1093, 1101 (9th Cir. 2012).

> "Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." Martinez v. Ryan, ––– U.S. ––––, 132 S.Ct. 1309, 1316[](2012). One such rule is the doctrine of procedural default, according to which a federal court is barred from hearing the claims of a state prisoner in a habeas corpus proceeding when the decision of the last state court to which the prisoner presented his federal claims rested on an "independent and adequate state ground." Coleman v. Thompson, 501 U.S. 722, 730, 111 S.Ct. 2546, [](1991). However, federal courts are to "presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law, and when the

adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" <u>Id.</u> at 735, 111 S.Ct. 2546 (quoting <u>Michigan v. Long</u>, 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, [](1983)). A state court may overcome the above presumption simply by stating "clearly and expressly that its decision is based on bona fide separate, adequate, and independent grounds." <u>Id.</u> at 733, 111 S.Ct. 2546 (quoting <u>Long</u>, 463 U.S. at 1041, 103 S.Ct. 3469) (internal quotation marks and alterations omitted).

A state court judgment rests on an independent and adequate state procedural ground when the "state court decline[s] to address a prisoner's federal claims because the prisoner ... failed to meet a state procedural requirement." <u>Id.</u> at 730, 111 S.Ct. 2546 (emphasis added).

"For a state procedural rule to be 'independent,' the state law ground for decision must not be 'interwoven with the federal law.'" <u>Park v. California</u>, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting <u>Long</u>, 463 U.S. at 1040–41, 103 S.Ct. 3469, and citing <u>Harris v. Reed</u>, 489 U.S. 255, 265, 109 S.Ct. 1038,[](1989) (applying <u>Long</u> to federal habeas cases)). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" <u>Id.</u> (quoting <u>Ake v. Oklahoma</u>, 470 U.S. 68, 75, 105 S.Ct. 1087, [](1985)) (alteration in original). <u>See also</u> <u>Stewart v. Smith</u>, 536 U.S. 856, 860, 122 S.Ct. 2578, [](2002) (per curiam) (noting that, although the rule at issue there "does not require a federal constitutional ruling on the merits, if the state court's decision rested primarily on a ruling on the merits nevertheless, its decision would not be independent of federal law"). A review of pertinent Supreme Court case law illustrates that a state court ruling, even on a state procedural issue, that necessarily or actually depends on an antecedent ruling on the merits of a federal claim is interwoven with federal law and therefore not independent.

-11-

<u>Nitschke v. Belleque</u>, 680 F.3d 1105, 1109-10 (9th Cir.), <u>cert. denied</u>, 133 S. Ct. 450 (2012).

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. <u>See</u> <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. <u>See</u> <u>Moorman v. Schriro</u>, 426 F.3d 1044, 1058 (9th Cir. 2005); <u>Vickers v. Stewart</u>, 144 F.3d 613, 617 (9th Cir. 1998); <u>Martinez-Villareal v. Lewis</u>, 80 F.3d 1301, 1305 (9th Cir. 1996).

A petitioner's lack of legal expertise is not cause to excuse procedural default. <u>See</u>, <u>e.g.</u>, <u>Hughes v. Idaho State Bd. of Corr.</u>, 800 F.2d 905, 908 (9th Cir. 1986). Alleged ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted. <u>See</u> <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); <u>Coleman</u>, 501 U.S. at 755, 111 S. Ct. at 2567; <u>Deitz v. Money</u>, 391 F.3d 804, 809 (6th Cir. 2004). "Attorney ignorance or inadvertence is not cause, but attorney error rising to the level of an independent constitutional violation (in the form of

-12-

ineffective assistance of counsel) does constitute cause." Dickens v. Ryan, 688 F.3d 1054, 1070-71 (9th Cir. 2012).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire criminal proceedings with constitutional violations. See Vickers, 144 F.3d at 617; Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649;

-13-

<u>Thomas v. Goldsmith</u>, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief).  To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged.  See <u>Dretke</u>, 541 U.S. at 393, 124 S. Ct. at 1852; <u>Wildman v. Johnson</u>, 261 F.3d 832, 842-43 (9th Cir. 2001).

Habeas petitioners are "entitled to an evidentiary hearing only if they allege [] facts that, if proved, would entitle them to relief and if they did not receive a full and fair evidentiary hearing in the state court." <u>Swan v. Peterson</u>, 6 F.3d 1373, 1384 (9th Cir. 1993).  "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474, 127 S.Ct. 1933, 1040 (2007).

In reply to the answer to his habeas petition, Petitioner asserts he is challenging the jurisdiction of state laws enacted in violation of Arizona statutes and the Arizona Constitution and in violation of Petitioner's federal constitutional rights.  Petitioner also asks the Court to order Respondents to address the merits of his claims for habeas relief.

Petitioner did not exhaust his federal habeas claims by fairly presenting them to the Arizona Court of Appeals in his direct appeal, or in his state action for post-conviction

-14-

relief. Petitioner has not established cause for, nor prejudice arising from his procedural default of his federal habeas claims. Petitioner does not assert his factual innocence or that a fundamental miscarriage of justice will occur absent consideration of his federal habeas claims.

### III Conclusion

Petitioner procedurally defaulted his federal habeas claims by not fairly presenting them to the Arizona Court of Appeals in a procedurally correct manner. Petitioner has not established cause for nor prejudice arising from his procedural default of his claims, nor has Petitioner established a fundamental miscarriage of justice will occur absent substantive review of the merits of the claims.

**IT IS THEREFORE RECOMMENDED that** Mr. Briceno Reina's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response

to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 26th day of November, 2013.

_____
Mark E. Aspey
United States Magistrate Judge

-16-